# STATE OF LOUISIANA
## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 0608

### ELAINE T. MARSHALL, INDIVIDUALLY AND AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION AND THE MARSHALL HERITAGE FOUNDATION, ET AL

*P Mc by JEW*

*JEW*

*MRT by JEW*

### VERSUS

### PRESTON L. MARSHALL

**Judgment Rendered:** DEC 2 7 2021

\* \* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 656,183, Section 23

Honorable William A. Morvant, Judge Presiding

\* \* \* \* \* \*

James M. Garner
Joshua S. Force
Ashley G. Coker
New Orleans, Louisiana

Hunter W. Lundy
Rudie R. Soileau, Jr.
T. Houston Middleton
Daniel A. Kramer
Lake Charles, Louisiana

Kirk A. Patrick, III
Blaze A. Altazan
Matthew A. Rogers
Baton Rouge, Louisiana

Stephen J. Herman
Charles M. King
New Orleans, Louisiana

Max L. Tribble, *pro hac vice*
Houston, Texas

Jeffrey Chambers, *pro hac vice*
Houston, Texas

L.J. Hymel
Michael Reese Davis
Tim P. Hartdegen
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
Preston L. Marshall

Attorneys for Plaintiffs/Appellees
Elaine T. Marshall, individually and as Co-Trustee of the Marshall Legacy Foundation and The Marshall Heritage Foundation; Dr. Stephen D. Cook, as Co-

Trustee of the Marshall Legacy Foundation and The Marshall Heritage Foundation; and E. Pierce Marshall, Jr.

**BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.**

2

**McCLENDON, J.**

This is a companion case to **Marshall v. Marshall**, 2021-0607 (La. App. 1st Cir. 12/27/21), handed down this date. The defendant/appellant, Preston L. Marshall, appeals a judgment entered by the trial court imposing a contempt sanction pursuant to La. R.S. 13:4611. For the following reasons, the judgment is affirmed. The plaintiffs' motion to dismiss the appeal on grounds of mootness is denied.

## FACTS AND PROCEDURAL HISTORY

This suit arises out of an on-going trust dispute involving the Marshall family EPS/EPM Charitable Remainder Unitrust (CRUT). We adopt by reference the background and facts of this case fully set forth in **Marshall v. Marshall**, 2021-0607 (La. App. 1st Cir. 12/27/21), affirming the judgment granting the plaintiffs' motion to remove Preston as CRUT trustee, along with two interlocutory judgments.

On July 14, 2020, this court affirmed in part and reversed in part the trial court's April 2, 2019 judgment. See **Marshall v. Marshall**, 2019-0601, 2019-0879 (La. App. 1st Cir. 7/14/20), 308 So.3d 1178, writ denied, 2020-01009 (La. 11/4/20), 303 So.3d 652. Specifically, the judgment was affirmed insofar as it found Preston guilty of contempt for violating a mandatory injunction issued by the trial court on September 19, 2017. However, this court reversed the portion of the April 2, 2019 judgment that removed Preston as trustee as punishment for contempt of court, ordered him to reimburse the trust for funds used to pay personal attorney's fees and litigation costs, and appointed his successor trustee. **Id.** at 1185. This court reasoned that the trial court was limited to punishing Preston for contempt by imposing a fine and/or imprisonment pursuant to La. R.S. 13:4611. Accordingly, the matter was remanded for sentencing on the contempt judgment and for further proceedings in conformity with this court's opinion. **Id.** at 1186.

After the case was remanded, on November 10, 2020, the plaintiffs filed a motion to sentence Preston for contempt for violating the September 19, 2017 judgment. The motion was heard on December 7, 2020, after which the trial court ordered Preston to serve sixty days in jail and immediately remanded him to the custody of the East Baton Rouge Parish Sheriff. In its oral reasons, the trial court expressed its belief that a

3

monetary fine would be insufficient since "money does not seem to be a real object with these parties." The court amended its judgment on December 9, 2020 and sentenced Preston to sixty days in jail, suspended, and placed Preston on unsupervised probation for six months from December 7, 2020, with the condition that Preston not violate any fiduciary duty owed to the CRUT under the trust instrument or the Louisiana Trust Code.

Preston filed a writ on December 7, 2020, seeking expedited consideration and a stay order. A five-judge panel of this court denied the writ and stay request, pertinently explaining that, once the trial court issues a judgment with appropriate decretal language, the contempt ruling will be a final, appealable judgment pursuant to La. Code Civ. P. art. 1915(A)(6). Thus, Preston "will be entitled to file a motion for an appeal therefrom in accordance with applicable law." **Marshall v. Marshall**, 2020-1244 (La. App. 1st Cir. 12/11/20) 2020 WL 7312169 (unpublished). A written judgment setting forth the amended sentence was signed on January 25, 2021. This appeal followed.

## ISSUES ON APPEAL

Preston asserts that the suspended sixty-day sentence and six-month probationary period were "excessive and inappropriate." Alternatively, Preston asserts that he successfully completed six months of probation without violating the conditions imposed by the trial court and asks this court to purge the contempt sanction.

### Contempt Sanction:

Preston argues that the trial court "erroneously and excessively sanctioned him to a sixty-day jail sentence in the midst of the COVID-19 pandemic." He concedes, however, that he only served two days of the sixty-day suspended sentence.[1] Preston also asserts, incorrectly, that a sanction for civil contempt is solely intended to compel future compliance with a court order, not to punish. See **Bents v. Bents**, 2015-1306 (La. App. 1st Cir. 9/9/16), 2016 WL 4719795, *3 (unpublished), writ denied, 2016-1822 (La. 11/29/16), 211 So.3d 389, recognizing the purpose of a civil contempt sanction may be

---

[1] Additionally, as the trial court explained, the sentence was actually a thirty-day sentence because Preston was entitled to good time release in thirty days. In his reply brief, Preston asserts that the original sentence did not have a purge clause. However, he does not dispute that the January 25, 2021 judgment before us for review does, in fact, contain a purge clause, which allowed Preston to avoid further imprisonment by refraining from any violation of his fiduciary duties owed to the CRUT. **Bents v. Bents**, 2015-1306 (La. App. 1st Cir. 9/9/16), 2016 WL 4719795, *3 (unpublished), writ denied, 2016-1822 (La. 11/29/16), 211 So.3d 389.

4

to punish disobedience of a court order or to vindicate the authority of the court.

As noted, the sentence at issue was imposed as a sanction pursuant to the April 2, 2019 judgment, which held Preston in contempt for violating the trial court's September 19, 2017 mandatory injunction. See **Marshall**, 308 So.3d at 1183, finding no abuse of discretion in the trial court's determination that Preston's "disobedience of the September 19, 2017 judgment was intentional and without justifiable excuse." Under La. R.S. 13:4611(1)(b), except as otherwise provided by law, a court may punish a person adjudged guilty of contempt of court for disobeying a lawful injunction by a fine of not more than $1,000 or by imprisonment for not more than six months, or both. See **Marshall**, 308 So.3d at 1184. The court may suspend the whole or part of the sentence and place the defendant on unsupervised probation, which shall not exceed the length of time a defendant may be imprisoned for the contempt. La. R.S. 13:4611(3). Our jurisprudence holds that the severity of a sentence imposed is within the sound discretion of the trial court and is a matter into which appellate courts will not inquire so long as the sentence imposed is within the limits fixed by law. **Dabezies v. Bourg**, 273 So.2d 622, 627 (La. App. 1st Cir. 1973), writ denied, 277 So.2d 445 (La. 1973). The sanction imposed will not be reversed absent abuse of discretion. **Foret v. Foret**, 2020-1263 (La. App. 1st Cir. 6/16/21) 2021 WL 2451873, *11 (unpublished), writ denied, 2021-01030 (La. 9/27/21), 324 So.3d 624.

Considering the history of the case, as set forth in **Marshall**, 308 So.3d 1178, and the record before us, we find no abuse of discretion in the sentence imposed. The September 19, 2017 judgment pertinently ordered Preston to make all distributions due from the CRUT to the beneficiary, to the extent he had not previously fulfilled this obligation, and to immediately render clear and accurate accountings of the CRUT. During the March 2019 contempt hearing, Preston acknowledged that he understood these obligations applied prospectively; yet, he admitted no distributions were made in 2018 and, by March 2019, only a partial distribution for 2018 had been made. **Id**. at 1182. Preston offered two explanations for his failure to make timely 2018 distributions. First, he asserted that JP Morgan placed a hold on the CRUT in early 2018 – an excuse the trial court "plainly disbelieved." This court found no error in the trial court's rejection

5

of "Preston's uncorroborated excuse" and independently noted that the JP Morgan letter Preston relied on did not support his "excuse for not making timely CRUT distributions." **Id**. at 1183. Second, Preston asserted that the CRUT account contained insufficient cash on-hand to allow him to make the full distributions. Again, this court found no error in the trial court's rejection of this excuse, considering Preston was able to pay significant personal attorney's fees from the CRUT in November 2017. **Id**.

Notably, as of the December 7, 2020 sentencing hearing, Preston still had not provided Elaine with an accurate accounting for 2017. **Marshall**, 2021-0607. This belies Preston's assertion that "no harm remained for the civil contempt sanction to remedy" as of the date of the sentencing hearing. Preston argues that with regard to an accounting he provided copies of the tax returns; however, it is clear that Preston was repeatedly told that a tax return is not a sufficient substitute for an accounting required by the trust code. See La. R.S. 9:2088; **Marshall**, 308 So.3d at 1182-3. The trial court correctly concluded that there had been no mitigating circumstances since the September 19, 2017 judgment was rendered and stated that Preston was "given every opportunity to comply." Accordingly, we find no abuse of discretion in the sentence imposed by the trial court.[2]

**Request to Purge or Expunge Contempt Sanction:**

Finally, Preston asks this court to expunge the sentence from the record; however, there is no indication that Preston sought this relief from the trial court. There is no judgment before this court wherein the trial court denied this relief. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. See Uniform Rules of Louisiana Courts of Appeal, Rule 1-3; **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204, 1210.

---

[2] The plaintiffs filed a motion to dismiss the appeal, asserting that the issues presented are moot since Preston purportedly completed the sentence imposed by the January 25, 2021 judgment. However, we note Preston timely sought and was granted a suspensive appeal from the January 25, 2021 judgment. A suspensive appeal suspends the effect or the execution of an appealable judgment, and a party aggrieved by a judgment imposing sanctions for contempt has an adequate remedy by suspensive appeal. See La. Code Civ. P. art. 2123; **Capital City Press, LLC v. Louisiana State University System Board of Supervisors**, 2013-1994 (La. 8/28/13), 120 So.3d 250. Accordingly, we deny the motion to dismiss.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's January 25, 2021 judgment sentencing Preston L. Marshall to sixty days in jail, suspended, and placing him on unsupervised probation for six months from December 7, 2020, with the condition being that Preston not violate any fiduciary duty owed to the EPS/EPM Charitable Remainder Unitrust under the trust instrument or the Louisiana Trust Code. We deny the plaintiffs' motion to dismiss the appeal. All costs of this appeal are assessed against the appellant, Preston L. Marshall.

**JUDGMENT AFFIRMED; MOTION TO DISMISS DENIED.**